1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KAREEM J. HOWELL,                              No.  2:22-cv-00842 DB P

12                 Plaintiff,

13          v.                                       ORDER

14    J. MOKTAR, et al.,

15                 Defendants.

16

17          Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18    claims defendants used excessive force in violation of plaintiff's Eighth Amendment rights.

19    Plaintiff has paid the filing fee for this action.  Presently before the court is plaintiff's complaint

20    for screening.  (ECF No. 1.)

21          For the reasons set forth below, plaintiff will be given the option to proceed on his

22    cognizable claims or be given leave to file an amended complaint.

23                                        **SCREENING**

24    **I.      Legal Standards**

25          The court is required to screen complaints brought by prisoners seeking relief against a

26    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

27    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

28    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13      However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20      The Civil Rights Act under which this action was filed provides as follows:

21      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the deprivation
22      of any rights, privileges, or immunities secured by the Constitution .
    . . shall be liable to the party injured in an action at law, suit in equity,
23      or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

27  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

28  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

1    an act which he is legally required to do that causes the deprivation of which complaint is made."

2    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4    their employees under a theory of respondeat superior and, therefore, when a named defendant

5    holds a supervisorial position, the causal link between him and the claimed constitutional

6    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

9    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   **II.   Linkage Requirement**

11        Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

12   that each defendant personally participated in the deprivation of his rights.  See Jones v.

13   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

14   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

16   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

17        Government officials may not be held liable for the actions of their subordinates under a

18   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

19   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

20   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

21   violated the Constitution through his own individual actions by linking each named defendant

22   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

23   Id. at 676.

24   **III.   Allegations in the Complaint**

25        Plaintiff indicates that, at all relevant times, he was an inmate at the California State

26   Prison, Sacramento ("SAC").  (ECF No. 1 at 1.)  Plaintiff names defendants CSP Sergeant J.

27   Johnson, CSP Lieutenant S. Williamson, and CSP Correctional Officers J. Moktar, F. Troja, K.

28   Childs, and Flood.  (Id. at 2.)

The complaint contains the following allegations: on March 14, 2019, plaintiff reported CSP Sergeant D. Anderson for the use of excessive force.  (Id. at 3.)  Later that day, defendant Johnson removed plaintiff from his cell to an interview room.  (Id. at 3, 5.)  In the interview room, defendant Johnson asked why plaintiff had reported Sergeant Anderson and "struck plaintiff…in the left side of his head with [a] baton."  (Id. at 5.)  Defendants Johnson, Moktar, and Troja then attacked plaintiff, punching him in the face, head, arms, and chest. (Id.)  Defendant Johnson then called for the alarm, claiming that plaintiff attempted to headbutt him even though he did not.  (Id.)  Defendant Williamson arrived, saw plaintiff's face was bloody, and directed defendant Child to "clean-up plaintiff [sic] face before (medical personnel) arrived on scene." (Id. at 6.)  This was allegedly done to "cover-up evidence and/or that a battery was committed."  (Id.)  Before calling medical staff, defendant Williamson then threatened plaintiff with further assault if he did not to stay quiet about what had happened.  (Id. at 7.)  Plaintiff attempted to tell medical staff that he was assaulted but defendant Child "started forcefully twisting [plaintiff's wrist] ordering plaintiff to shut his mouth."  (Id.)  Plaintiff then asked defendant Flood to tell defendant Child "to stop twisting [plaintiff's] wrist."  (Id.)  Defendant Flood told plaintiff to "shut the fuck-up and stop telling."  (Id.)

Plaintiff seeks injunctive relief ordering defendants "to stop using unnecessary force", compensatory damages totaling three hundred thousand dollars ($300,000.00), and punitive damages of two hundred and fifty thousand dollars ($250,000.00).  (Id. at 9.)

**IV.    Does Plaintiff State a Claim under § 1983?**

Plaintiff does not clearly state the claims he wishes to bring against each defendant. However, plaintiff does provide some indications of his intended claims.  The court will attempt to identify each claim plaintiff may be intending to bring and address whether plaintiff has successfully stated a claim.

**A. Eighth Amendment - Excessive Force**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

4

Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

The deliberate indifference standard involves an objective and subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not...use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10).

**1. Analysis**

Plaintiff has alleged sufficient facts to state an excessive force claim against defendants Johnson, Moktar, and Troja.  Under the facts in the complaint, these defendants used excessive force against the plaintiff by punching him repeatedly in the arms, chest, face, and head.  (ECF ////

No. 1 at 5.)  The alleged force was not used to maintain or restore discipline but to retaliate against the plaintiff.  Wilkins, 559 U.S. at 37.

Additionally, plaintiff has alleged at least minimally sufficient facts to state a claim against defendant Child.  Plaintiff claims that defendant Child "forcefully" twisted his wrist to stop him from telling medical personnel that he was assaulted.  (ECF No. 1 at 7.)  Under the facts alleged, defendant Child used force in an attempt to stop plaintiff from reporting his assault, not to maintain or restore discipline.  Wilkins, 559 U.S. at 37.

In light of the above, plaintiff has alleged sufficient facts to state a cognizable claim against defendants Johnson, Moktar, Troja, and Child for excessive force in violation of plaintiff's Eighth Amendment rights.

### B.  First Amendment - Retaliation

#### 1.  Legal Standard

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).  "Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."  Rhodes, 408 F.3d at 567 (citations, internal quotations and footnote omitted).

#### 2.  Analysis

Plaintiff has alleged sufficient facts to state a claim for retaliation against defendants Johnson, Moktar, and Troja.

////

Plaintiff claims that defendants Johnson, Moktar, and Troja assaulted plaintiff in retaliation for reporting Correctional Sergeant Anderson for previously using excessive force. (ECF No. 1 at 3, 5.)  The filing of grievances is conduct protected by the First Amendment. Rhodes, 408 F.3d at 567.  Read in the light most favorable to the plaintiff, defendants Johnson, Moktar, and Troja took adverse action against defendant by assaulting him, in response to plaintiff's protected conduct of filing inmate grievances.  The use of excessive force could naturally chill the exercise of plaintiff's First Amendment rights and does not advance any legitimate state interest.  Thus, plaintiff has alleged sufficient facts to state a cognizable First Amendment retaliation claim against defendants Johnson, Moktar, and Troja.  Rhodes, 408 F.3d at 567-68.

Plaintiff also has alleged at least minimally sufficient facts to state a claim against defendant Williamson.  According to the allegations in the complaint, defendant Williamson threatened plaintiff with further assault if he reported his purported assault by defendants Johnson, Moktar, and Troja.  (ECF No. 1 at 7.)  The threat of further assault, especially immediately following plaintiff's prior assault, appears to qualify as an adverse action that would also chill plaintiff's First Amendment rights and not advance any legitimate state interest.  As such, plaintiff has alleged sufficient facts to state a cognizable First Amendment retaliation claim against defendant Williamson.  Rhodes, 408 F.3d at 567-68.

It is also possible plaintiff intended to include defendant Flood in plaintiff's retaliation claim.  However, plaintiff has not alleged sufficient facts to state a claim as plaintiff has failed to allege facts that show defendant Flood acted because of protected conduct from the plaintiff. Rhodes, 408 F.3d at 567-68.

Accordingly, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint to attempt to state further claims.

### C.  Additional Claims

Plaintiff may have intended to state additional claims in his complaint.  As plaintiff did not clearly state the exact constitutional violations he was alleging and which defendants violated those rights, the court was only able to determine the above claims as being included in the

1    complaint.  As such, the complaint fails to allege sufficient facts for the court to determine

2    plaintiff has stated any other cognizable claims or defendants.  Should plaintiff elect to file an

3    amended complaint, he should ensure that he clearly states what rights plaintiff believes each

4    defendant violated.

5                              **AMENDING THE COMPLAINT**

6          As set forth above, plaintiff has alleged sufficient facts to state a cognizable Eighth

7    Amendment excessive force claim against defendants Johnson, Moktar, Troja, and Child and a

8    cognizable First Amendment retaliation claim against defendants Johnson, Moktar, Troja, and

9    Williamson.  Plaintiff has failed to allege sufficient facts to state any other claim or defendant.

10   Plaintiff will be given the option to proceed on his cognizable Eighth and First Amendment

11   claims or be given leave to file an amended complaint.

12         If plaintiff chooses to file an amended complaint, any amended complaint must be

13   complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

14         In an amended complaint plaintiff must clearly identify each defendant and the action that

15   defendant took that violated plaintiff's constitutional rights.  The court is not required to review

16   exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

17   plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

18   allegations must be set forth in the amended complaint, so defendants have fair notice of the

19   claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

20   of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

21   Civ. P. 8(a).

22         Any amended complaint must show the federal court has jurisdiction, the action is brought

23   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

24   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

25   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

26   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

27   deprivation of a constitutional right if he does an act, participates in another's act, or omits to

28   perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

                                              8

1    conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v.</u>

2    <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

3           In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

4    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

5    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7           The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d

8    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10   84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11   set forth in short and plain terms.  <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002)

12   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

13   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14          An amended complaint must be complete in itself, without reference to any prior pleading.

15   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

16   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

17   evidentiary support for his allegations, and for violation of this rule, the court may impose

18   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

9

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The complaint (ECF No. 1) states a cognizable Eighth Amendment excessive force claim against defendants J. Johnson, J. Moktar, F. Troja, and K. Child and a cognizable First Amendment retaliation claim against defendants J. Johnson, J. Moktar, F. Troja, and S. Williamson.

2. The complaint fails to state any other cognizable claims or defendants.

3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

4. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.

5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 15, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/howe0842.scrn_not

1

2

3

4

5

6                               UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9     KAREEM J. HOWELL,                          No.  2:22-cv-00842 DB P

10                    Plaintiff,

11            v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
12    J. MOKTAR, et al.,

13                    Defendants.

14

15    Check one:

16

17    _____    Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim

18            against defendants J. Johnson, J. Moktar, F. Troja, and K. Child and his First Amendment

19            retaliation claim against defendants J. Johnson, J. Moktar, F. Troja, and S. Williamson.

20            Plaintiff understands that by going forward without amending the complaint he is

21            voluntarily dismissing all other claims and defendants.

22

23    _____    Plaintiff wants to amend the complaint.

24

25    DATED:_____              _____

26                                               Kareem J. Howell
                                                 Plaintiff pro se
27

28

                                            11