UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:22-cv-00842 DB P |
| Plaintiff, | |
| v. | ORDER |
| J. MOKTAR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants used excessive force against him and retaliated against him in violation of the First and Eighth Amendments. Presently before the court is plaintiff's requests that the court direct the California Department of Corrections and Rehabilitation ("CDCR") and the California Attorney General's Office to help serve defendant Mokhtar.[1] (ECF Nos. 33, 34.) For the reasons stated below, the court will grant in part and deny in part the first request (ECF No. 33) and will strike the second request (ECF No. 34).

////

---

[1] This defendant's last name appears as "Moktar" on the docket, while the California Attorney General's Office has spelled it "Mokhtar." (See ECF No. 22.) Plaintiff uses various spellings of the name in his filings. (See ECF No. 33.) The court will use the spelling provided by the California Attorney General's Office.

## I. Background

On June 11, 2023, the court issued an order directing service on defendants Mokhtar, Troja, Johnson, Childs, and Williamson.  (ECF No. 15.)  Because plaintiff identified these defendants as CDCR employees at the time of the alleged violations, their information was provided electronically to CDCR and the California Attorney General's Office to effectuate service, pursuant to the court's E-Service pilot program for civil rights cases.  (Id. at 2.)  The summons was returned unexecuted as to defendant Mokhtar because he no longer works for CDCR.  (ECF No. 24.)

On August 7, 2023, the court directed plaintiff to submit service documents to the U.S. Marshal's Service providing additional information to serve defendant Mokhtar.  (ECF No. 25.)  The court's order stated: "Plaintiff shall promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.  If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention."  (Id. at 1.)

The court received the required documents from plaintiff on September 26, 2023.  (ECF No. 32.)  The U.S. Marshal's Service attempted service on the address provided by plaintiff but was informed that defendant Mokhtar did not live at the address.  (ECF No. 35.)  The summons was returned unexecuted on September 27, 2023.  (Id.)

## II. Plaintiff's requests

Plaintiff included with the required documents a filing entitled "Additional Information To Have This Defendant Served."  (ECF No. 33.)  In it, plaintiff explains that he had previously sued defendant Mokhtar in a separate action before this court, Howell v. Johnson, 2:20-cv-0520 (E.D. Cal.), and that defendant Mokhtar had been represented by the California Attorney General's Office in that action.  (Id. at 1–2.)  Plaintiff asks "that this court order CDCR/defendants herein counsel to either continue representing defendant J. Mokhtor as well, and see to it that service is complete" or to "assist the plaintiff herein, and this court in locating defendant J. Mokhtor by providing defendant J. Mokhtor last known address given to CDCR."  (Id. at 2.)

On October 13, 2023, the court received a document from plaintiff entitled "Plaintiff Request to the Court, Ordering (CDCR) To Forward To the Court Defendant J. Mokhtar Last Known Address."  (ECF No. 34.)  Plaintiff did not sign or date the filing.

### III.   Analysis

The court will grant in part and deny in part plaintiff's first request.  (ECF No. 33.)  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint . . .'".  Jensen v. Knowles, 621 F. Supp. 2d 921, 930 (E.D. Cal. 2008) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)) (alteration in original); see also Fed. R. Civ. P. 4(c)(3).  The plaintiff must "act with diligence and provide the Marshal with sufficient information to serve the defendant."  Id.  In this case, plaintiff has identified defendant Mokhtar's last known attorney and CDCR as potential sources for this information, based on a previous lawsuit plaintiff brought against defendant Mokhtar that was dismissed in July 2022.  (ECF No. 53, Howell v. Johnson, 2:22-cv-0520 (E.D. Cal.).)  The California Attorney General's Office represented defendant Mokhtar in that action and represents defendants Childs, Johnson, Williamson, and Troja in the instant action.  (See ECF No. 33 at 3, 5–9; ECF No. 26.)

Accordingly, the court will order counsel for defendants Childs, Johnson, Williamson, and Troja to obtain defendant Mokhtar's last known address from CDCR and provide the address to the court.

The court will order plaintiff's second request (ECF No. 34) to be stricken because plaintiff did not sign it.  The court cannot consider unsigned filings.  Fed. R. Civ. P. 11; E.D. Cal. R. 131.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Plaintiff's notice of additional information to serve defendant J. Mokhtar and motion for the court (ECF No. 33) is granted in part and denied in part.

2. Within thirty days of the date of this order, counsel of record for defendants Childs, Johnson, Williamson, and Troja shall:

3

      a.     Obtain from the California Department of Corrections and Rehabilitation the last known address it has on file for defendant J. Mokhtar, and

      b.     Produce the address to the court by emailing it to: dborders@caed.uscourts.gov.

3. Plaintiff's request for a court order for CDCR to forward defendant's last known address (ECF No. 34) is stricken because it is unsigned.

Dated: November 14, 2023

DB: 15
DB/DB Prisoner Inbox/Civil Rights/R/howe0842.8e(2)

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE