UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>J. MOKHTAR, et al.,<br><br>   Defendants. | No.  2:22-cv-00842-WBS-SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with claims brought under 42 U.S.C. § 1983. Defendants' motion to compel plaintiff to amend and serve verified responses to interrogatories is before the court. (ECF No. 59.) The motion is granted as set forth below.

**I.      Background**

Plaintiff claims defendants Johnson, Mokhtar, Troja, and Childs used unconstitutionally excessive force on plaintiff and that defendants Johnson, Mokhtar, Troja, and Williamson retaliated against plaintiff for his protected conduct.

On June 28, 2024, defendants Johnson and Troja timely served discovery requests on plaintiff, including Interrogatories, Set One. Plaintiff served initial responses which defendants found to be incomplete, and after meet and confer efforts, plaintiff served amended responses.

The interrogatories at issue were directed at determining which documents and information plaintiff contends will support his claims. At plaintiff's deposition, plaintiff testified

he had additional records responsive to the discovery propounded by defendants, and plaintiff agreed to produce the records. According to defendants, however, plaintiff failed to identify the interrogatories that correspond to the document production and failed to serve a verified response. (ECF No. 59 at 3.) In the motion to compel presently before the court, defendants Johnson and Troja move for an order requiring plaintiff to promptly serve amended and verified responses to the interrogatories, and to identify the interrogatories that correspond to the supplemental production of documents. (Id.)

## II.     Discussion

Plaintiff produced records in lieu of responding substantively to the interrogatories at issue. Defendants acknowledge they are in possession of the documents produced by plaintiff but argue plaintiff has failed to amend the interrogatory responses to identify the responsive records or specify which of the records were responsive to which interrogatories propounded. (ECF No. 59 at 4.) Defendants also argue plaintiff must respond stating the documents provided are the complete set of documents responsive to the interrogatories, and that plaintiff must verify his amended interrogatory responses under penalty of perjury. (Id.)

Plaintiff opposes the motion to compel. (ECF No. 61.) He argues the motion is an improper tactic to delay the case. (Id. at 1.) Plaintiff states he responded to the interrogatories, provided amended responses, and has no further responsive documents such that the motion to compel should be denied. (Id. at 2-4.) Plaintiff indicates some of the documents are responsive to certain of the defendants' requests and argues there are no real issues remaining for the court to resolve. (Id. at 5)

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, a party responding to interrogatories shall answer each interrogatory "separately and fully in writing under oath." If the answer to an interrogatory may be determined by examining a party's records or documents, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by "*specifying the records that must be reviewed*, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d) (emphasis added).

      The court recognizes plaintiff represents he has provided all responsive documents to defendants and the court accepts plaintiff's representation. However, defendants are entitled to further amended responses in which plaintiff clearly identifies which documents he provided are responsive to which interrogatories or other discovery requests. Although plaintiff appears to have provided at least some of this information in opposition to the instant motion to compel, plaintiff must provide the information in amended interrogatory responses set forth separately and fully in writing under oath. See Fed. R. Civ. P. 33(b) & (d). Plaintiff's pro se status does not excuse him from properly responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure); see also Sanchez v. Rodriguez, 298 F.R.D. 460, 462 (C.D. Cal. 2014) (dismissing case with prejudice after pro se failed "to comply with court-ordered discovery obligations"). Accordingly, in the further amended responses, plaintiff should separate identify and clearly list each document provided under the respective interrogatory, interrogatories, or other request(s) to which the document is responsive. Since plaintiff, with defendants' cooperation, elected to respond to interrogatories by providing these written documents, plaintiff must also sign a verification under penalty of perjury indicating he has provided all responsive documents in his possession to the interrogatories at issue.

      In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel (ECF No. 59) is granted.
2. Within 14 days of service of this order, plaintiff shall serve complete and verified further amended responses to defendant Johnson's and defendant Troja's Interrogatories, Set One, identifying and listing the responsive documents he has already provided defendants underneath the respective interrogatory or interrogatories. Plaintiff's further amended interrogatory responses shall also include a signed

////
////
////
////

verification under penalty of perjury stating that all responsive documents have been provided.

Dated: October 31, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE